UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RENE MARTINEZ,**

    **Plaintiff,**

v.                                                    Case No: 5:25-cv-767-CEM-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____

### ORDER

This cause comes before the Court on Plaintiff's Motion for Permission to Use Electronic Filing (CM/ECF). (Doc. 7). Plaintiff requests access to file and receive electronic notifications through CM/ECF. (*Id.*). In support of this request, Plaintiff states that he has access to a computer equipped with PDF conversion software and can receive electronic notifications via email. (*Id.*). He further affirms that he is capable of complying with the Court's rules and procedures for CM/ECF. (*Id.*). For the reasons explained below, Plaintiff's motion is due to be granted in part and denied in part.

With regard to CM/ECF eligibility, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." *See* Admin. Proc. for Elec. Filing § B (Aug. 1, 2025) for the United States District Court, Middle District of Florida; *see also* M.D. Fla. Local Rule 1.01(c) ("By administrative order, the court can prescribe procedures governing electronic filing."); Fed. R. Civ. P. 5(d)(3)(B)(i) ("A person not represented by an attorney . . . may file electronically only if allowed by court order or by local rule."). "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify

waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *see McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access"); *Gerow v. Blackwell*, No. 8:24-cv-02280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted); *see also Nathansen v. City of Punta Gorda*, No. 2:25-cv-300-KCD-NPM, 2025 WL 2770876, at *1 (M.D. Fla. Sept. 26, 2025) (recognizing that access to electronic filing via CM/ECF is generally restricted because "the CM/ECF system contains confidential and other sensitive information") (citing Admin. Proc. for Elec. Filing).

In this instance, Plaintiff has not shown good cause or any extenuating circumstances to justify his access to CM/ECF at this stage in the case. Therefore, Plaintiff's request for authorization to access and file documents in CM/ECF is due to be denied.

Nevertheless, as a *pro se* party, Plaintiff can receive electronic notices of filing by email, monitor the docket via PACER,[1] and submit filings in person, by U.S. Mail, or by other delivery service. That said, "the Court in its discretion may grant a pro se party permission to receive electronic notifications." *See Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023). Here, the Court finds it appropriate to exercise such discretion. *See id*. (authorizing electronic notification of

---

[1] "Any member of the public can access electronic records of the federal courts by registering online with PACER." *See Rothschild v. Anywhere Advisors LLC*, No. 2:24-cv-304-SPC-KCD, 2024 WL 2749245, at *1 (M.D. Fla. May 29, 2024). The Court's "Guide for Proceeding Without a Lawyer" provides instructions on how to register for PACER (http://www.flmd.uscourts.gov/pro_se/default.htm).

filings for a *pro se* litigant via email); *Cromity v. City of Orlando*, No. 6:24-cv-1688-CEM-DCI, 2025 WL 435901, at *2 (M.D. Fla. Jan. 29, 2025) (allowing service of court documents on *pro se* party by email); *Wilkins v. RCI, LLC*, No. 6:23-cv-849-PGB-EJK, 2023 WL 3453560, at *1 (M.D. Fla. May 15, 2023) (same). Thus, the Court will permit Plaintiff to receive electronic notifications of filing via email.

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion for Permission to Use Electronic Filing (CM/ECF) (Doc. 7) is **GRANTED in part and DENIED in part**. The motion is granted in part, to the extent that Plaintiff seeks authorization to receive electronic notification of filing, and denied in all other respects.

(2) The Clerk is **directed** to add Plaintiff's email address (levelemout@gmail.com) to the docket and send all future notices of electronic filing to this email address.

(3) Plaintiff is responsible for notifying the Clerk if he changes his email address. Plaintiff is advised to frequently check his email, as some filings may be time-sensitive. The notices of electronic filing will contain a hyperlink that allows the Plaintiff to view the document for the first time for free. The hyperlink expires after the earlier of two events: the first use or 15 days after the notice is emailed. An individual must access PACER to view a document after the hyperlink has expired. The Court's Guide for Proceeding Without a Lawyer provides instructions on how to register for PACER on page 13.[2] Please note that when the Court allows a *pro se* litigant to receive notices of filing by email, the Clerk's office no longer mails

---

[2] The Court's Guide for Proceeding Without a Lawyer can be accessed on the Court's website at http://www.flmd.uscourts.gov/pro_se/default.htm.

paper copies. As a result, Plaintiff is cautioned that he will no longer receive court documents by U.S. mail.

**DONE** and **ORDERED** in Ocala, Florida on December 10, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties